# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
|     Plaintiff,   ) | |
| ) | 2:05-cr-00026-JPH-CMM-2 |
| vs.   ) | |
| ) | |
| WILLIE LEE HARDIMAN, III,   ) | |
|     Defendant   ) | |

## REPORT AND RECOMMENDATION

On August 27, 2025, the Court held a final hearing on the Petition for Warrant/Violation for Offender Under Supervision, filed on August 8, 2025, [Dkt. 41]. Mr. Hardiman ("Defendant") appeared with CJA counsel, Lupita Thompson. The Government appeared by Bradley Blackington, Assistant United States Attorney. U. S. Probation appeared by Officer Jennifer Considine.

The Court previously conducted an initial appearance on the Petition on August 15, 2025, [Dkt. 45].

The parties advised the Court at the outset of the hearing that a proposed agreement was reached by which the defendant would admit Violation Number 1 of Petition [Dkt. 41]. The parties also jointly recommended that the Defendant should be sentenced to a term of imprisonment of 6 months.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. §3583:

    1.    The Court previously had advised Defendant of his rights and provided him with a copy of the petition during the August 15, 2025, appearance. Defendant

waived his right to a preliminary hearing at that time and the Court found probable cause to proceed on the Petition.

2. The defendant was advised on August 15, 2025 and August 27, 2025, that this matter had been referred by the District Judge and that the District Judge has final authority whether to accept, reject, or modify the recommendation.

3. After being placed under oath, Defendant advised that he consented to the proposed agreement, had sufficient opportunity to consult with counsel, and was satisfied with his representation.  Defendant admitted Violation No. 1. [Dkt. 41].

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

**VIOLATION**
**NUMBER   NATURE OF NONCOMPLIANCE**

    1. "The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons."

       On July 16, 2025, the offender was released from incarceration, and as of this writing has failed to report as directed, and his current whereabouts are unknown.

4. The parties stipulated that:

    (a) The highest grade of violation is a Grade **C** violation.

    (b) Defendant's criminal history category is **VI**.

    (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is **8-14** months imprisonment.

5. The Magistrate Judge, having considered the factors in 18 U.S.C. §3553(a), and as more fully set forth on the record, finds that:

    (a) The Defendant violated the supervised release conditions as alleged in Violation #1;

(b) In making this recommendation, the Magistrate Judge has considered 1) the nature and circumstances of the offense and the history and characteristics of the defendant; 2) the need for the sentence imposed to deter criminal conduct, 3) the need to protect the public from further crimes, and 4) the applicable sentencing guidelines. In this instance, it is clear that the defendant failed to report after release from the Bureau of Prison despite being advised to do and having ample opportunity over many days to do so. The Court recognizes, however, that the defendant has completed a long sentence and that sentence here less than the minimum range in the sentencing guidelines achieves the ends of justice. Moreover, the Government and the defendant have concurred on the appropriate punishment—which the Magistrate Judge concludes is a reasonable disposition of this matter. The defendant will commence 120 months of supervised release upon his discharge from the Bureau of Prisons. The probation officer, defense counsel, and the Court all shared with the defendant the critical importance of complying with reporting requirements on release as well as a change in the terms of supervised release that have been amended since his original sentence to include reference to mental health care and treatment.

(c) Consistent with the parties' agreement, the Magistrate Judge recommends that the defendant be sentenced to the custody of the U.S. Bureau of Prisons for a period of six months, and further recommends placement at FCC-Terre Haute (as requested by defendant's attorney). A term of supervised release should be imposed for a period of 120 months commencing with the defendant's release under updated terms and conditions determined by the court. The defendant was advised of updated terms of release since originally sentenced on July 14, 2006;

(d) That the agreement of the parties is an appropriate resolution of this

matter and the agreement is commended to the favorable consideration of the District Judge with the Magistrate Judge's recommendation for sentencing.

Defendant shall remain in custody pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties waived the 14-day objection period to file objections for the consideration of the District Judge.

Dated: August 27, 2025

_____
CRAIG M. McKEE, Magistrate Judge
United States District Court
Southern District of Indiana

Distribution:
All ECF-registered counsel of record via email generated by the court's ECF system